IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RAE'L BRANTLEY, Individually and as )
Parent and Legal Guardian of D.B., a minor, )
514 Buckingham Drive )
Aurora, Ohio 44202 )
                                        )
and                                     )
                                        )
LIINA BRANTLEY, Individually and as )
Parent and Legal Guardian of D.B., a minor, )   Case No:
514 Buckingham Drive )
Aurora, Ohio 44202 )
                                        )
        Plaintiffs,                     )
                                        )
    v.                                  )   JUDGE:
                                        )
RHEEM MANUFACTURING CO.,                )
1100 Abernathy Road, N.E., Ste. 1700    )
Atlanta, Georgia 30328                  )
                                        )
and                                     )
                                        )
Aurora Owner 1, LLC                     )
c/o Corporation Service Company,        )
1160 Dublin Road, Suite 400             )
Columbus, Ohio 43215                    )
                                        )
and                                     )
                                        )
JOHN DOES 1-2                           )
                                        )
        Defendant.                      )

## COMPLAINT
### (Jury Trial Demanded)

NOW COMES Plaintiffs, Rae'l and Liina Brantley (collectively referred to as "the Brantleys"), as Parents and Legal Guardians of D.B., a minor, by and through undersigned counsel, and for their cause of action against the Defendants, Rheem Manufacturing Company, Aurora Owner 1, LLC, and John Does 1-2, state as follows:

### PARTIES

1. At all relevant times, Plaintiff Rae'l Brantley was a natural person residing in Portage County, Ohio. Rae'l Brantley is the natural father of D.B.

2. At all relevant times, Plaintiff Liina Brantley was a natural person residing in Portage County, Ohio. Liina Brantley is the natural mother of D.B.

3. At all relevant times, Defendant Rheem Manufacturing Company ("Rheem"), was and is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 1100 Abernathy Road, Suite 1700, Atlanta Georgia.

4. Rheem conducts business around the United States, including the State of Ohio.

5. At all relevant times, Defendant Aurora Owner 1, LLC ("Aurora Owner") was and is a foreign limited liability company, registered in the State of Ohio.

6. Defendant Aurora Owner owns and rents homes to families and individuals, including Plaintiffs.

7. Defendant John Doe 1 was and/or is an individual and/or company hired by Aurora Owner for the purpose of maintaining and repairing the premises located at 514 Buckingham Drive, Aurora, Ohio 44202.

2

8. Defendant John Doe 2 was and/or is an individual and/or company hired by Aurora Owner and/or John Doe 1 for the purpose of maintaining and repairing the Rheem Hot Water Heater installed at 514 Buckingham Drive, Aurora, Ohio 44202.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10. Supplemental jurisdiction over Plaintiff's claims against Aurora Owner 1, LLC, and John Does 1-2 is invoked pursuant to 28 U.S.C. § 1376 as Plaintiffs' claims are so related to their claims against Rheem, for which diversity jurisdiction exists in this matter.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred within this judicial district, and the property that is the subject of this action is situated within this judicial district.

## FACTUAL BACKGROUND

12. At all times relevant, the Brantleys resided in a residential home, located at 514 Buckingham Drive, Aurora, Ohio, in Portage County.

13. At all relevant times, Defendant Aurora Owner owned the residential home located at 514 Buckingham Drive, Aurora, Ohio, in Portage County.

14. At all times relevant, the Brantleys resided with their three children, including D.B., who was approximately 17 months old at the time of the incident set forth herein.

15. At all relevant times, Plaintiffs and Aurora Owner were in a contractual relationship. Plaintiffs entered into a signed lease agreement with Aurora Owner for the

3

residential home located at 514 Buckingham Drive, Aurora, Ohio, in Portage County. A copy of the lease agreement ("the Lease") is attached hereto as *Exhibit A*.

16. As part of the Lease, Aurora Owner agreed to, among other things, act with customary diligence to:

 a. Keep common areas reasonably clean;

 b. Maintain fixtures, furniture, hot water, heating and A/C equipment;

 c. Comply with applicable federal, state, and local laws regarding safety, sanitation, and fair housing; and

 d. Make all reasonable repairs.

17. Upon information and belief, Aurora Owner hired John Doe 1 for the purpose of maintaining and/or repairing the premises located at 514 Buckingham Drive.

18. Prior to the Brantleys moving in, a Rheem hot water heater ("the Rheem Water Heater"), was installed at the premises.

19. Upon information and belief, the Rheem Water Heater was installed at the direction of Aurora Owner and/or John Doe 1.

20. The Rheem Water Heater is/was manufactured, assembled, distributed, sold, and/or designed by Rheem.

21. Upon information and belief, Aurora Owner and/or John Doe 1 hired John Doe 2 for the purpose of maintaining and/or repairing the Rheem Water Heater.

22. At the time of the installation, Rheem provided the owner of the property with a "Use and Care Manual," ("the Manual"). *See Exhibit B*.

23. The Manual contained several warnings related to the temperature of the hot water created by the Rheem Water Heater.

24. Specifically, the Manual contained a table highlighting the relationship between the water temperature and the time to produce a serious burn. The table appeared as follows:

| Water Temperature | Time to Produce a Serious Burn |
|---|---|
| 120 Degrees Fahrenheit | More than 5 minutes |
| 125 Degrees Fahrenheit | 1.5 to 2 minutes |
| 130 Degrees Fahrenheit | About 30 seconds |
| 135 Degrees Fahrenheit | About 10 seconds |
| 140 Degrees Fahrenheit | Less than 5 seconds |
| 145 Degrees Fahrenheit | Less than 3 seconds |
| 150 Degrees Fahrenheit | About 1.5 seconds |
| 155 Degrees Fahrenheit | About 1 second |

See *Exhibit B*, p. 4.

25. According to the Manual, "The chart shown above may be used as a guide in determining the proper water temperature for your home." *Id.*

26. Also featured in the Manual is an illustration demonstrating the "approximate water temperature for each mark on the Combination Gas Control (Thermostat)." *Id.*

27. According to the illustration, even when turned all the way up, the water temperature should not reach higher than 155 degrees Fahrenheit.

28. Unbeknownst to the Brantleys, the Rheem Water Heater was unreasonably dangerous and defective when it was placed into the stream of commerce, as the Water Heater produced water temperatures of at least 177 degrees Fahrenheit.

29. Rheem had prior knowledge that its Water Heaters were defective, dangerous, and that they produced higher temperatures than indicated in its manuals.

30. At the time of the installation, Defendants Aurora Owner, John Doe 1, and John Doe 2 knew or had reason to know that the Rheem Water Heater was defective, dangerous, and that it produced temperatures higher than indicated in its manuals.

31. At all relevant times, Defendant Aurora Owner, knew or had reason to know that the Brantleys had young children living in the unit.

32. At all relevant times, Defendant Aurora Owner, John Doe 1, and/or John Doe 2 knew or should have known that the water heater was set to the maximum temperature of 155 degrees Fahrenheit.

33. On February 10, 2024, the Brantleys were home with their three children, including D.B.

34. At approximately 4:00 p.m., Liina Brantley was lying in bed attempting to take a nap. At this same time, Rae'l was downstairs with the Brantley's two daughters.

35. Minutes later, Rae'l heard D.B. scream from the bathroom.

36. Upon entering the bathroom, Rae'l found D.B., who was crying.

37. D.B. then went into his parents' bedroom where Liina Brantley was laying.

38. Upon further evaluation, Plaintiffs noticed that the skin on D.B.'s foot and lower leg was blistering and peeling off, indicating a severe burn.

39. Plaintiffs immediately sought medical care for D.B. at Akron Children's Hospital, where he was diagnosed with third degree burns from scalding hot water.

40. As a result of his injuries, D.B. received extensive medical treatment, including skin grafts. D.B. is left with permanent scarring as a result of his injuries.

41. D.B.'s burns are a result of the defective and unreasonably dangerous Rheem Water Heater, which produced temperatures higher than advertised in its Manual.

42. At all relevant times, the Rheem Water Heater was being used in its intended and reasonably foreseeable purpose.

43. The Rheem Water Heater was not altered, modified, and/or abused at any time prior to the subject use and/or injury.

44. At the time of the incident, Defendants Aurora Owner and John Doe 1 knew or had reason to know that the Rheem Water Heater was dangerous and/or defective.

45. Defendants Aurora Owner and John Doe 1 failed to properly maintain, supervise, and/or repair the Rheem Water Heater.

## COUNT I – PRODUCT LIABILITY
### (Against Rheem)

46. Plaintiffs restate all previous allegations as if fully rewritten herein.

47. As stated throughout, D.B. sustained third degree burns as a direct result of the extremely hot water from by the Rheem Water Heater.

48. As described herein, the defect in the Rheem Water Heater exposed D.B. to water more than twenty degrees hotter than contemplated and/or warned about in the Manual.

49. Upon information and belief, Rheem was the manufacturer of the Water Heater as defined by the Ohio Products Liability Act, Ohio Revised Code § 2307.71.

50. The Rheem Water Heater was defective in manufacture and/or construction as described in Ohio Revised Code § 2307.74.

51. The Rheem Water Heater was defective in design and/or formulation as described in Ohio Revised Code § 2307.75

52. The Rheem Water Heater was defective due to inadequate warning or instruction as described in Ohio Revised Code § 2307.76 and/or was defective because it did not conform to a representation made by its manufacturer as described in Ohio Revised Code § 2307.77.

7

53. As a direct and proximate cause of Defendant's defective product, D.B. sustained serious injuries, including but not limited to, mental and physical pain and suffering, aggravation, inconvenience, grief, loss of enjoyment of life, third-degree burns, skin graft surgeries, and permanent scarring.

54. As a direct and proximate cause of Defendant's defective product, Plaintiffs were caused to seek and incur the expenses of necessary medical attention and care.

55. As a direct and proximate cause of Defendant's defective product, Plaintiffs have suffered, and will continue to suffer economic and non-economic damages for which Defendant is liable.

### COUNT II – NEGLIGENCE
### (Against All Defendants)

56. Plaintiffs restate all previous allegations as if fully rewritten herein.

57. Rheem designed, formulated, produced, created, manufactured, made, constructed, assembled, rebuilt, marketed, sold, supplied, repaired, services, and/or distributed the hot water tank that caused injury to D.B.

58. Rheem owed a duty to Plaintiffs and D.B. to properly, reasonably, and safely design, formulate, produce, create, manufacture, construct, assemble, supply, repair, service, and/or distribute the hot water tank that caused injury to D.B.

59. Rheem breached its duty by designing, formulating, producing, creating, manufacturing, constructing, assembling, supplying, repairing, servicing, and/or distributing the type of hot water tank that would cause severe and permanent injury to a person.

60. Rheem further had a duty to warn of the dangers associated with the temperatures above and beyond the "maximum" temperature setting, or that the subject water heater was capable of producing water temperatures above the "maximum" temperature.

61. Defendants Aurora Owner, John Doe 1, and John Doe 2 owed Plaintiffs a duty to maintain, supervise, and/or repair the Rheem Water Heater.

62. Defendants Aurora Owner, John Doe 1, and John Doe 2 owed Plaintiffs a duty to ensure that the Rheem Water Heater was safe for its intended purpose.

63. Defendants Aurora Owner, John Doe 1, and John Doe 2 breached their duty when they failed to properly and safely maintain, supervise, and repair the Rheem Water Heater, leading to injury.

64. Defendants Aurora Owner, John Doe 1, and John Doe 2 breached their duty when they failed to set the Rheem Water Heater at a safe temperature for use by the Brantleys.

65. As a direct and proximate cause of Rheem's defective product and Aurora Owner, John Doe 1 and John Doe 2's negligence, D.B. sustained serious injuries, including but not limited to, mental and physical pain and suffering, aggravation, inconvenience, grief, loss of enjoyment of life, third degree burns, skin graft surgeries, and permanent scarring.

66. As a direct and proximate cause of Rheem's defective product and Aurora Owner, John Doe 1 and John Doe 2's negligence, Plaintiffs were caused to seek and incur the expenses of necessary medical attention and care.

67. As a direct and proximate cause of Defendant's defective product and Aurora Owner, John Doe 1, and John Doe 2's negligence, Plaintiffs have suffered, and will continue to suffer, economic and non-economic damages for which Defendants are liable.

## COUNT III – BREACH OF CONTRACT
### (Against Aurora Owner)

68. Plaintiffs restate all previous allegations as if fully rewritten herein.

69. At all material times, a valid, enforceable contract existed between Aurora Owner and Plaintiffs.

70. As part of the contract, Aurora Owner agreed to, among other things, act with customary diligence to:

   a. Keep common areas reasonably clean;

   b. Maintain fixtures, furniture, hot water, heating and A/C equipment;

   c. Comply with applicable federal, state, and local laws regarding safety, sanitation, and fair housing; and

   d. Make all reasonable repairs.

71. As described throughout this Complaint, Aurora Owner breached its contract with Plaintiffs when it failed to maintain the Rheem Water Heater, allowing it to reach temperatures well beyond what is safe for its intended purpose.

72. Plaintiffs fully complied with their contractual obligations to Aurora Owner.

73. As a direct, proximate, and foreseeable consequence of Aurora Owner's breach of contract, the D.B. sustained serious injuries, including but not limited to, mental and physical pain and suffering, aggravation, inconvenience, grief, loss of enjoyment of life, third degree burns, skin graft surgeries, and permanent scarring.

74. As a direct, proximate, and foreseeable consequence of Aurora Owner's breach of contract, Plaintiffs were caused to seek and incur the expenses of necessary medical attention and care.

75. As a direct and proximate cause of Aurora Owner's breach of contract, Plaintiffs have suffered, and will continue to suffer, economic and non-economic damages for which Defendant is liable.

### **COUNT IV – VIOLATION OF LANDLORD TENANT ACT (ORC § 5321.01, *et. seq.*)**
**(Against Aurora Owner)**

76. Plaintiffs restate all previous allegations as if fully rewritten herein.

77. Plaintiffs are tenants pursuant to Ohio Revised Code § 5321.01.

78. Aurora Owner is a landlord pursuant to Ohio Revised Code § 5321.01.

79. The home located at 514 Buckingham Drive is a residential premises pursuant to Ohio Revised Code § 5321.01.

80. Pursuant to Ohio Revised Code § 5321.04, Aurora Owner was obligated to, among other things, "maintain in a good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures…supplied or required to be supplied by the landlord."

81. The Rheem Water Heater was supplied by Aurora Owner.

82. Aurora Owner was required to maintain the Rheem Water Heater in a good and safe working order and condition.

83. Aurora Owner failed to maintain the Rheem Water Heater in a good and safe working order and condition.

84. As a direct, proximate, and foreseeable consequence of Aurora Owner's breach, the D.B. sustained serious injuries, including but not limited to, mental and physical pain and suffering, aggravation, inconvenience, grief, loss of enjoyment of life, third degree burns, skin graft surgeries, and permanent scarring.

85. As a direct, proximate, and foreseeable consequence of Aurora Owner's breach, Plaintiffs were caused to seek and incur the expenses of necessary medical attention and care.

86. As a direct and proximate cause of Aurora Owner's breach, Plaintiffs have suffered, and will continue to suffer, economic and non-economic damages for which Defendant is liable.

### COUNT V – LOSS OF CONSORTIUM
### (Against All Defendants)

87. Plaintiffs restate all previous allegations as if fully rewritten herein.

88. As a result of the wrongful acts of Defendants, contained herein, Plaintiffs were caused to suffer, and will continue to suffer, loss of consortium, loss of society, affection, assistance, and parental fellowship of their son.

89. All damages contained above were directly and proximately caused by the wrongful acts of Defendants.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues triable by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

A. Award Plaintiffs compensatory damages in an amount to be shown at trial;

B. Award Plaintiffs punitive damages in an amount to be shown at trial;

C. Award Plaintiffs reasonable attorneys' fees, costs, and disbursements;

D. Award Pre and post judgement interest; and

E. Grant Plaintiffs such additional relief as the Honorable Court deems just and proper.

Respectfully Submitted,

| | |
|---|---|
| */s/ Eric Long* | */s/ Todd C. Hicks* |
| Eric F. Long (0093197) | Todd C. Hicks (0063255) |
| Tyler J. Walchanowicz (0100115) | Law Offices of Thrasher, Dinsmore & Dolan |
| Friedman Nemecek Long & Grant, L.L.C. | 1282 W. 58th Street |
| The IMG Center | Cleveland, OH 44102 |
| 1360 E. 9th Street, Suite 650 | T: (216) 255-5431 |
| Cleveland, OH 44114 | F: (216) 255-5450 |
| T: (216) 928-7700 | thicks@tddlaw.com |
| F: (216) 820-4659 | |
| efl@fanlegal.com | |
| tjw@fanlegal.com | |